UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA L.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0469-CVE-MTS |
| ) | |
| MARTIN O'MALLEY, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 19) recommending that the Court remand the case for further administrative proceedings. Defendant has filed an objection to the report and recommendation on the ground that the error cited by the magistrate judge was not harmful and does not warrant remand. Dkt. # 20. Plaintiff responds that the administrative law judge (ALJ) failed to review the findings of state agency consultants under the proper standard, and that defendant's argument concerning the allegedly harmless nature of the ALJ's undisputed error is misleading. Dkt. # 21.

**I.**

In February 2014, plaintiff filed an application for Title II disability insurance benefits, alleging a date of onset of disability of October 31, 2012. Dkt. # 11-5, at 2. The primary bases for plaintiff's application for disability benefits were a hand injury, hearing limitations, and an inability to work with other people. Dkt. # 11-3, at 5. Plaintiff has a high school education and had previously been employed as a cashier checker. Dkt. # 11-8, at 19. On March 22, 2016, an ALJ issued a decision denying plaintiff's claim for disability benefits. Dkt. # 11-9, at 5-15. The Appeals Council found no basis to review the ALJ's decision, and plaintiff sought judicial review of her

claim for disability benefits. Id. at 20-21, 23-25. The court remanded the case for further consideration of the medical opinion evidence concerning plaintiff's hearing loss. Id. at 42-44. On remand, the ALJ again denied plaintiff's claim for disability benefits, but the Appeals Council remanded this decision due to errors at steps four and five of the analysis. Id. at 66-73, 81-82. A different ALJ handled the case after it was remanded by the Appeals Council, and the ALJ determined that plaintiff was not disabled. Id. at 88-98. The Appeals Council again remanded the case for further proceedings to clarify the work restrictions included in plaintiff's residual functional capacity (RFC) concerning plaintiff's hearing loss Id. at 125-26. The ALJ held a second administrative hearing for a reevaluation of plaintiff's RFC. Dkt. # 11-8, at 30-57.

On March 9, 2023, the ALJ issued a written decision denying plaintiff's claim for disability benefits. At step two of the analysis, the ALJ found that plaintiff had the severe impairment of bilateral hearing loss, and she had non-severe physical impairments of decreased flexion in her left second finger and right shoulder bursitis. Dkt. # 11-8, at 15. Plaintiff also had the medically determinable impairments of panic disorder with agoraphobia, borderline personality disorder, and dysthymic disorder, but the ALJ determined that these conditions did not cause more than a minimal limitation on plaintiff's ability to perform basic mental work activities. Id. Plaintiff did not have an impairment or combination of impairments that met or exceeded any of listed impairments for step three of the analysis. Id. at 17. The ALJ determined that plaintiff had the following RFC:

> the claimant had the [RFC] to perform a full range of work at all exertional levels but with the following non exertional limitations: the claimant can work in all noise environments as long as the job duties did not call for having to communicate verbally or over a radio or telephone. Instructions could be written or demonstrated, but not verbally communicated. If job duties include the need for face-to-face communication or communication over the phone, the noise environment would need

>to be either quiet or very quiet (as defined in the Selected Characteristics of Occupations).

Id. The ALJ briefly summarized the findings of the state agency consultants and he gave "considerable weight" to the examiners' findings that plaintiff did not have any severe mental impairments. He determined the state agency consultants' findings were consistent with the general lack of evidence in the administrative records showing that plaintiff received mental health treatment. Id. at 19. The state agency consultants assessed some hearing limitations, but the ALJ found that plaintiff required "a more focused assessment" of her hearing limitations than those assessed by the state examiners. Id. The ALJ determined that plaintiff was unable to perform her past relevant work, but there were sufficient jobs available in the national economy that plaintiff could perform. Therefore, the ALJ found that plaintiff was not disabled at step five of the analysis.

The Appeals Council declined to assume jurisdiction over the most recent denial of plaintiff's claim for disability benefits, and the ALJ's March 9, 2023 decision is the final order for the purpose of judicial review. Id. at 2-3. Plaintiff filed this case challenging the ALJ's most recent denial of her claim for disability benefits, and the matter was assigned to a magistrate judge for a report and recommendation. Plaintiff argued that the ALJ failed to apply the correct legal standard when evaluating the medical opinion evidence in the administrative record, and she asserted that the RFC formulated by the ALJ was not supported by substantial evidence. Dkt. # 12, at 5-11. The magistrate judge recommends that the Court remand the case for further consideration of the medical opinion evidence of the state agency consultants, James Williams, M.D. and Herbert Meites, M.D., because the ALJ failed to make sufficient findings concerning the supportability or consistency of

these opinions. Dkt. # 19, at 10. The magistrate judge rejected plaintiff's argument that the ALJ erred at step four when formulating the RFC. Id. at 11-16.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

Defendant does not object to the magistrate judge's finding that the ALJ erred in his analysis of the opinions of Dr. Williams and Dr. Meites, but defendant argues that any error was harmless and does not warrant remand of this case for further review. Dkt. # 20. Plaintiff responds that the ALJ's analysis of this evidence was wholly lacking, and the Court cannot supply the missing finding to make a finding of harmless error. Dkt. # 21, at 3.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work

4

> activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [her] from performing [her] past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether [she] possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis, finding that sufficient jobs existed in the national economy to allow plaintiff to work. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th

Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The magistrate judge determined that the ALJ failed to evaluate the medical opinions of the state agency consultants under the proper legal standard, and the ALJ's error prevented the court from fully evaluating the ALJ's decision denying plaintiff's claim for disability benefits. Dkt. # 19, at 10. Plaintiff's claim for disability benefits was filed prior to March 27, 2017, and the ALJ was required to evaluate the medical opinion evidence under 20 C.F.R. § 404.1527. The parties do not dispute that the ALJ incorrectly applied § 404.1520c when reviewing the medical opinion evidence, and that this was not the correct standard. However, the magistrate judge recommends that the application of the wrong legal standard is not independently a basis to reverse the ALJ's decision, as long as there is other evidence in the administrative record allowing the Court to determine whether the ALJ considered and evaluated the relevant medical opinion evidence. Dkt. # 19, at 6-8.

Under 20 C.F.R. § 404.1527, an ALJ is required to evaluate the following five factors in order to assign a medical opinion a particular "weight": (1) whether the opinion was provided by a physician who personally examined the claimant; (2) the length and nature of the treatment relationship; (3) how well the medical evidence supports the medical opinion; (4) consistency of the opinion with the record as a whole; and (5) whether the medical provider is a specialist in the relevant field. This standard applies to claims that were filed prior to March 27, 2017 and, therefore, should have been applied by the ALJ in this case. For claims filed on or after March 27, 2017, an ALJ is directed to consider the "persuasive" value of the medical opinion, rather than its weight. The factors for considering the persuasiveness of medical opinion evidence are similar to the factors

stated in § 404.1520c and include "supportability" and "consistency" as relevant factors. Under § 404.1520c, a medical opinion will be more persuasive if the "objective medical opinion evidence and supporting explanations presented by a medical source" clearly support the opinion. 20 C.F.R. § 404.1520c(c)(1). As to "consistency," "the more consistent a medical opinion . . . is with the evidence with other medical source and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(2). The regulation has other factors that can be discussed by the ALJ, but supportability and consistency are the two factors that must be considered by the ALJ in every case. Lashawnda J. v. O'Malley, 2024 WL 4203350, *3 (N.D. Okla. Sep. 16, 2024).

The Court agrees with the magistrate judge that application of the wrong regulation likely had no impact on the ALJ's resolution of plaintiff's claim, and the ALJ's apparent reference to § 404.1520c is not an independent reason to remand the case. Key v. O'Malley, 2024 WL 2829253, *3 (8th Cir. June 4, 2024) (citation to incorrect regulation for evaluation of medical opinion evidence was harmless error). It is difficult to tell from the ALJ's written decision whether he applied § 404.1520c or § 404.1527, because he simultaneously made findings that evidence has "considerable weight" and that evidence was "partially persuasive." It is not necessary for the Court to make a conclusive finding whether the ALJ applied § 404.1520c, § 404.1527, or a combination of both regulations. The more important inquiry for the Court is whether the ALJ sufficiently explained his reasons for assigning weight or persuasive value to particular medical opinion evidence, because the factors from the regulations substantially overlap and the legal standard will not change the result in most cases. See Frazer v. Kijakazi, 2022 WL 682661 (D.N.M. Mar. 8, 2022) (§ 404.1520c changed prioritization of certain factors from prior treating physician rule but did not absolve the

ALJ of the duty to make necessary findings). The Court will not remand the case solely because the ALJ possibly applied the incorrect regulation, but the Court will independently review the ALJ's written decision to determine if the ALJ's treatment of the medical opinions are supported by substantial evidence.

The ALJ did not make the necessary findings under either § 404.1527 or § 404.1520c to support his assessment of the opinions of Dr. Williams and Dr. Meites, and the Court finds that this case should be remanded for a proper evaluation of this evidence under the relevant regulation. At most, the ALJ considered the "consistency" factor when he gave considerable weight to findings that plaintiff had no severe mental impairments. Dkt. # 11-8, at 19. However, the ALJ failed to make any findings as to whether these medical opinions were well supported by medical evidence, the nature of the treatment relationship, or any other potentially relevant factor concerning the evaluation of medical opinion evidence. Id. at 19. The ALJ partially rejected the findings of the state agency consultants as to plaintiff's hearing loss but, as with the ALJ's findings as to plaintiff's mental impairments, there is no explanation for the basis for the ALJ's treatment of this medical opinion evidence. Defendant claims that the ALJ's lack of findings on this medical opinion evidence was harmless error, because the ALJ reviewed the evidence underlying this medical opinion evidence elsewhere in his written decision. Dkt. # 20, at 2. Defendants suggest that it unnecessary to require the ALJ to make findings that would simply be repetitive and, since state agency consultations do not personally examine claimants, these opinions are inherently "supported" by other evidence in

the administrative record that was expressly considered by the ALJ.[1] Id. at 2. Defendant has cited no authority suggesting that the ALJ's duty to make necessary findings can effectively be ceded to medical examiners, and ALJ must make his own findings as to the consistency and supportability of medical opinion evidence.  The ALJ's written decision does not provide the Court with a sufficient basis for judicial review of his treatment of the medical opinion evidence.  The ALJ's conclusion that plaintiff had no severe mental impairments substantially affected the denial of plaintiff's claim for disability benefits, and the Court cannot conclude that this error was harmless. Therefore, the case will be remanded for further administrative proceedings consistent with this Opinion and Order.

**IT IS THEREFORE ORDERED** that Report and Recommendation (Dkt. # 19) is **accepted as entered**, and the Commissioner's decision is **reversed and remanded** for further proceedings. A separate judgment is entered herewith.

**DATED** this 20th day of September, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also argues that any difference between "supportability" and "consistency" is simply a "semantics argument," and defendant argues that the failure for the ALJ to make express "supportability" findings is merely harmless error.  As noted above, the "consistency" factor goes to consistency with other medical evidence in the record, while "supportability" goes to how well the medical opinion is internally supported by the evidence considered by the medical examiner offering the opinion.  20 C.F.R. § 1520c(c).  There is a clear distinction between these factors, and the Court rejects defendant's argument that any difference between consistency and supportability is merely "semantics."